# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FATIMAH INAS MCGEE, # 948220,

        Petitioner,        Case Number: 2:17-CV-13101
                                                  HON. SEAN F. COX

v.

SHAWN BREWER,

        Respondent.
                                             /

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS AND DISMISSING PETITION WITHOUT PREJUDICE

**I.    Introduction**

Michigan state prisoner Fatimah Inas McGee filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting she is being held in violation of her constitutional rights. Petitioner was convicted in the Wayne County Circuit Court of second-degree murder, MICH. COMP. LAWS § 750.317. At the same time she filed her petition, Petitioner filed a motion to stay these proceedings so that she can raise unexhausted claims in state court. The Court denies Petitioner's motion for a stay and dismisses the petition without prejudice. The Court also denies a certificate of appealability.

**II.    Procedural History**

Petitioner pleaded guilty in Wayne County Circuit Court to second-degree murder. On October 14, 2014, she was sentenced to twenty to forty years imprisonment. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. McGee,* No. 330275 (Mich. Ct. App. Feb. 12, 2016).

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. McGee*, 500 Mich. 866 (Mich. Sept. 27, 2016).

Petitioner filed her federal habeas petition and motion for stay on September 14, 2017.

## III. Discussion

Petitioner seeks a stay in this matter while she exhausts her state court remedies for additional claims which she did not present in state court on direct appeal and which are not presently raised in the petition. Petitioner has not shown that she would lack sufficient time under 28 U.S.C. § 2244(d) to file a fully exhausted petition if her original petition is dismissed without prejudice. The Court therefore will deny the petitioner's motion.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

2

Federal habeas law provides that a habeas petitioner is only entitled to relief if she can show that the state court adjudication of her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before she can present those claims to this Court. Otherwise, the Court cannot apply the habeas standard of 28 U.S.C. § 2254. Furthermore, the state court proceedings may result in the reversal of Petitioner's convictions, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)). Non-prejudicial dismissal of the petition is warranted under such circumstances.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. Although she may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin to run until 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, 565 U.S. 653-54 (2012) (stating that a

conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied leave to appeal on September 27, 2016, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later – on December 26, 2016. Thus, approximately three months of the limitations period remained when Petitioner filed this petition. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time may be equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any additional properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Petitioner has approximately three months to initiate review in state court and, after completing state court review, to federal court should she wish to do so.

Thus, even assuming that Petitioner has not engaged in "intentionally dilatory tactics" and has shown "good cause" for failing to fully exhaust issues in the state courts before seeking federal habeas relief, she has not shown the need for a stay.

**IV. Conclusion**

Accordingly, the Court **DENIES** Petitioner's Motion to Stay (ECF No. 2) and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. If Petitioner wishes to proceed on the claims contained in the petition and abandon her unexhausted claims, she may move to reopen this proceeding within thirty days from the date of the Order.

4

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

**SO ORDERED**.

Dated: November 3, 2017
                                                             s/Sean F. Cox
                                                             Sean F. Cox
                                                             U. S. District Judge

I hereby certify that on November 3, 2017, the foregoing document was served on counsel of record via electronic means and upon Fatimah Inas McGee via First Class mail at the address below:

FATIMAH INAS MCGEE 948220
HURON VALLEY COMPLEX - WOMENS
3201 BEMIS ROAD
YPSILANTI, MI 48197

                                                                             s/J. McCoy
                                                                             Case Manager